IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Grumpy Cat Limited,<br><br>    Plaintiff,<br><br>v.<br><br>The Individuals, et al.,<br><br>    Defendants. | Case No. 19-cv-06676<br><br>Judge Steven C. Seeger<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANTS' COMBINED MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION AND LACK OF A PLAUSIBLE CAUSE OF ACTION**

Defendant stores "6.berta2" (No. 236), "abood.av" (No. 238), "Buy-Fast-Shop" (No. 269), "colombonach" (No. 278), and "sero_sts" (No. 470), by and through their undersigned counsel, hereby submits this Combined Motion to Dismiss. In support thereof, Defendants provide as follows:

**I.  THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS 6.BERTA2 (NO. 236), ABOOD.AV (NO. 238), AND COLOMBONACH (NO. 278).**

Defendant stores 6.berta2 (No. 236), abood.av (No. 238), and colombonach (No. 278) (together, "the Three Stores"), which are owned by the same individual, are not "at home" in Illinois for the purposes of general jurisdiction and have made no sales of the at-issue products (i.e. items allegedly using Plaintiff's alleged marks) to any consumers in Illinois for the purposes of specific jurisdiction. Although the Three Stores have shipped at-issue items to other jurisdictions such as California, Texas, and Florida, they have neither shipped nor negotiated any sales of the at-issue products to Illinois. Therefore, the Court has no basis to exercise specific jurisdiction over the Three Stores.

The plaintiff bears the burden of establishing that personal jurisdiction exists. *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015) (citing *Advanced Tactical*

*Ordnance Systems, LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 799 (7th Cir. 2014)). To determine whether the plaintiff has met its burden, courts may consider affidavits and declarations from both parties. *Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012). When a defendant challenges by declaration a fact alleged in the complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 783 (7th Cir. 2003). Although courts must also resolve all factual disputes in plaintiff's favor, *Northern Grain Marketing, LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014), unrefuted facts in the defendant's affidavits will be taken as true. *GCIU–Employer Retirement Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The Lanham Act does not authorize nationwide service of process, so a federal court sitting in Illinois may exercise personal jurisdiction over a defendant only if authorized both by Illinois law and by the United States Constitution. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (internal citations omitted). Because the Illinois long-arm statute provides that Illinois courts may exercise jurisdiction on any basis permitted by the state or federal Constitutions, 735 ILCS 5/2-209(c), the analysis of personal jurisdiction collapses into a federal due process inquiry. *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015); *Wound Care Education Institute v. Thomas*, 2008 WL 2446686 (N.D. Ill. 2008).

Under the federal due process analysis, personal jurisdiction is proper where the defendant "purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." *Tamburo*, 601 F.3d 693, 701 (7th Cir. 2010)

(quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quotation marks omitted)). The due process test can be met by showing either "general jurisdiction" (continuous and systematic general business presence) or "specific jurisdiction" (minimum contacts). *Tamburo*, 601 F.3d 693, 701; *Euromarket Designs, Inc. v. Crate & Barrrel Limited*, 96 F.Supp. 2d 824, 833-34 (N.D. Ill. 2000).

*1. The Court Lacks General Jurisdiction.*

In order to expose itself to the general jurisdiction of the courts of Illinois, a defendant's business contacts in Illinois must be intentional, continuous, and substantial rather than inadvertent, trivial, or sporadic, continue up to the time of the suit, and evidence a purpose on the part of the defendant to avail himself of the protection of the laws of Illinois. *Richter v. Instar Enters. Int'l. Inc.*, 594 F.Supp.2d 1000, 1006 (N.D. Ill. 2009). In other words, general jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). In determining whether general jurisdiction exists, therefore, courts examine the following factors: (1) whether defendants maintain offices or employees in Illinois; (2) whether defendants send agents into Illinois to conduct business; (3) whether defendants have designated an agent for service of process in Illinois; (4) whether defendants advertise or solicit business in Illinois; and (5) the extent to which defendants conduct business in Illinois. *Id.*

Here, none of the Thee Stores maintain any offices or employees in Illinois, own any property in Illinois, have sent any agents to Illinois to conduct business, have designated agents for services process in Illinois, or have advertised to, solicited, or targeted business specifically in Illinois. In other words, none of the three stores is "at home" in Illinois. Therefore, the Court cannot exercise general jurisdiction over any of the Three Stores.

## 2. The Court Lacks Specific Personal Jurisdiction.

Specific jurisdiction is appropriate only where "(1) the defendant purposefully has directed [its] activities at the forum state or purposely availed [itself] of the privilege of conducting business in the state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (citing *Burger King*, 471 U.S. at 472). The "purposeful-availment requirement ensures that a defendant's amenability to jurisdiction is not based on 'random, fortuitous, or attenuated contacts,' but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 482, 492–93 (7th Cir. 2014) (quoting *Burger King*, 471 U.S. at 479). "The inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brook*, 873 F.3d at 552; *Int'l Precision Components Corp. v. Greenpath Recovery W., Inc.*, 17 C 9179, 2018 WL 1920118, at *4 (N.D. Ill. Apr. 24, 2018). The exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice. *Tamburo,* 601 F.3d at 702 (citing *Int'l Shoe,* 326 U.S. at 316).

Unlike some other circuits, which focus on the "interactivity" of a website, the Seventh Circuit does not have an "Internet-specific test for specific jurisdiction." *Dobrowolski v. Intelius, Inc.*, 17 CV 1406, 2017 WL 3720170, at *3 (N.D. Ill. Aug. 29, 2017) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (outlining cases)). Instead, in the Seventh Circuit, Internet-specific cases (like non-Internet cases) center on whether the defendant has sufficient minimum contacts with Illinois such that exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Advanced Tactical*, 751 F.3d at 800–01 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Finally, and perhaps most pertinently, the mere operation of an e-commerce store that can be accessed by consumers in Illinois does not constitute minimum contacts "aimed" at Illinois for the purposes of personal jurisdiction. *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.,* 751 F.3d 796 (7th Cir.2014). Indeed, "offering [products] for sale on the internet, without more, [does not] demonstrate[] that defendant purposefully directed its activities . . . toward customers in Illinois." *Richter v. INSTAR Enterprises Int'l, Inc.*, 594 F. Supp. 2d 1000, 1013 (N.D. Ill. 2009). Without an actual sale to consumers in Illinois, the maintenance of an e-commerce website that offers products for sale to Illinois consumers only establishes "potential contacts." *Id.* "[C]ourts [with the Seventh Circuit] have similarly held that 'the mere existence of a website that makes an infringing product available for purchase is not enough to establish personal jurisdiction.'" *Id.* at 1014 (internal citations omitted).

Furthermore, even when there are sales, *de minimis* sales are not sufficient to establish the requisite minimum contacts—even in trademark cases. *See Matlin v. Spin Master Corp.*, No. 17 C 07706, 2018 WL 3496088, at *4 (N.D. Ill. July 20, 2018), *aff'd,* 921 F.3d 701, 2019 WL 1760387 (7th Cir. 2019) ("[T]he common thread between all courts addressing whether defendants are subject to personal jurisdiction in Illinois for having a website that Illinois residents can access to purchase products is that the mere internet sale from a website is insufficient to hale a defendant into the forum's jurisdiction without something more."); *see also Original Creations Inc. v. Ready American Inc.*, 836 F.Supp.2d 711, 716 (N.D. Ill. 2011) (the lone documented sale to an Illinois resident and the fact that [Defendant] fulfilled that order, intentionally sending the allegedly infringing product into the state, may be been 'purposeful' ... [but] that sale alone is an insufficient basis upon which to find personal jurisdiction"); *Gro Master, Inc. v. Farmweld, Inc.*, 920 F. Supp. 2d 974, 982 (N.D. Iowa 2013) (holding that a single sale to Illinois of an allegedly infringing

product, along with a national advertisement thereof, was insufficient to establish defendant purposefully directed its activities at residents of the forum state).

Case law within the Seventh Circuit has been fairly consistent on these points. *Compare Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (finding no personal jurisdiction over defendant where defendant fulfilled several orders of the allegedly infringing projectiles for purchasers in Indiana, knew plaintiff was an Indiana company and could foresee that the misleading emails and sales would harm plaintiff in Indiana, sent at least two misleading email blasts to a list that included Indiana residents, had an interactive website available to residents of Indiana, and put customers on its email list when they made a purchase because the plaintiff has no evidence of any actual sales by defendant in Indiana and regardless *de minimis* sales would not support personal jurisdiction); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding no specific jurisdiction even though defendants' website offered free dating profiles to consumers in all 50 states and twenty Illinois residents created free profiles on the website); *Guinness World Records Ltd. v. Doe*, 664 F. Supp. 2d 927, 929 (N.D. Ill. 2009) (finding no personal jurisdiction in a trademark case where defendant operated a website and executed a general email marketing campaign that reached Illinois consumers and generated three sales of its products to two Illinois residents, involving total gross sales of only $1,153 because such conducts were "de minimis contacts") *with Illinois v. Hemi Group, LLC*, 622 F.3d 754 (7th Cir. 2010) (finding personal jurisdiction where the foreign-state defendant's online sale of cigarettes to Illinois residents "triggered Illinois' claims against it" by violating an Illinois law requiring that such sales are properly reported); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015) (finding personal jurisdiction where defendant operated an interactive e-commerce website, three consumers with Illinois shipping addresses attempted to purchase the

allegedly counterfeit products from defendant, and defendant engaged in email communications with two of those consumers wherein defendant provided its PayPal account information); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 836 (N.D. Ill. 2000) (finding personal jurisdiction over defendant where it (1) registered a domain name and designed a website using an Illinois company's mark, (2) "pursued and established vendors and suppliers in Illinois," and (3) "attended trade shows in Illinois designed to promote its business in Illinois").

Here, none of the Three Stores sold any of the at-issue products to consumers in Illinois, specifically targeted any of their advertising in Illinois, or ever communicated with or negotiated any sales with any consumers in Illinois. The mere fact that the Thee Stores operated online stores form which Illinois residents *could potentially* purchase items only establishes the *potential* for personal jurisdiction, not actual jurisdiction. Simply put, the Three Stores did not engage in Illinois-specific activity to establish minimum contacts with Illinois, especially since the only at-issue products sold by the Thee Stores were *outside of* Illinois (in California, Texas, and Florida). *Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 757 (N.D. Ill. 2014); *see also Russell v. SNFA*, 2013 IL 113909, ¶¶ 78, 91.

**II.     THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANT NO. 269 AND DEFENDANT NO. 470 IN ACCORDANCE WITH FRCP 12(B)(6) BECAUSE PLAINTIFF LACKS A PLAUSIBLE CAUSE OF ACTION AGAINST THE TWO STORES.**

Plaintiff lacks any plausible causes of action against Defendant store "Buy-Fast-Shop" (No. 269) and Defendant store "sero_sts" (No. 470) because Defendant store "sero_sts" (No. 470) uses the term "grumpy cat" in a fair and descriptive manner and because Defendant store "Buy-Fast-Shop" (No. 269) dropships the at-issue items from Plaintiff's own Amazon store. Therefore, because Plaintiff lacks a plausible cause of action under FRCP 12(b)(6), the Court should dismiss with prejudice Plaintiff's Complaint against Defendant Store Nos. 269 and 470.

7

A. *Fair and Descriptive Use*

Defendant store "sero_sts" (No. 470) used the phrase "Funny Grumpy Cat" to fairly describe the attitude of the cat imprinted on the mug it offered for sale:



The term "grumpy" is a common descriptive adjective for the emotion and look of a person or animal that is "grumpy." As the Seventh Circuit has consistently recognized, no one can "appropriate descriptive language through trademark registration." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001) (citing *Sands, Taylor & Wood Co. v. Quaker Oats Co.,* 978 F.2d 947, 951 (7th Cir.1992)).

Here, Defendant No. 470 lists for sale a mug featuring a funny and grumpy-looking cat that does not look anything like Plaintiff's "Grumpy Cat" cat. And Defendant No. 470 simply uses the phrase "Funny Grumpy Cat" to fairly and in good faith describe the funny and grumpy cat pictured on the mug. Because Plaintiff does not have a monopoly over grump-looking cat illustrations or the use of the adjective "grumpy" to describe a grumpy-looking cat, Defendant store No. 470's use of the term "Funny Grumpy Cat Mug" is not actionable. *Id.*

B.  *Drop-Shipping:*

Defendant store Buy-Fast-Shop (No. 269) listed for sale only items that it drop-shipped or programmed to be drop-ship from Plaintiff's own Amazon store. As courts in the Northern District of Illinois have recognized, drop-shipping (where a store lists a product for sale and then buys the authentic product from the trademark owner's Amazon store and ships it directly to the customer) is not actionable. *See Weifang Tengyi Jewelry Trading Co. v. Intuii LLC*, No. 18 C 4651, 2019 WL 1200776, at *6 (N.D. Ill. Mar. 14, 2019) ("As to the law, 'counterfeiting' under the Lanham Act is a type of infringement that does not encompass drop shipping."). Therefore, Plaintiff lacks a plausible cause of action against Defendant Buy-Fast-Shop (No. 269).

Because Plaintiff lacks a plausible cause of action against Defendant store Nos. 269 and 470, the Court should dismissed Plaintiff's Complaint against these stores with prejudice.

### III. IN THE ALTERNATIVE, BECAUSE THE PLAINTIFF IMPROPERLY JOINED THE DEFENDANTS IN A LAWSUIT WITH HUNDREDS OF OTHER ENTIRELY INDEPENDENT AND UNRELATED INDIVIDUALS AND ENTITIES, THE COURT SHOULD ORDER PLAINTIFF TO OPEN A NEW CASE.

If for any reason the Court holds that Plaintiff has the jurisdiction to bring its causes of action against the Defendants, the Court should order the Plaintiff to open a new case against the five Defendant due to improper joinder in this case.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In some instances, the Federal Rules of Civil Procedure require joinder of certain parties. *See* Fed. R. Civ. P. 19. In other instances, Fed. R. Civ. P. 18 and Fed. R. Civ. P. 20 "work together to allow joinder of multiple claims by multiple plaintiffs against multiple defendants." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Such "permissive joinder" ultimately rests with the sound discretion of the court, which must determine if joinder will comport with the principles of fundamental fairness. *See Chavez v. Ill. St. Police*, 251 F.3d

612, 632 (7th Cir. 2001). The simplest "principle of fundamental fairness" for permissive joinder is that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Multiple defendants may only be joined in a single lawsuit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)).

While courts liberally construe Rule 20 in the interest of convenience and judicial economy, *Papachristos v. Hilton Mgmt., LLC*, 14 CV 5501, 2015 WL 1094852, at *1 (N.D. Ill. Mar. 10, 2015), "there are limits." *UWM Student*, 888 F.3d at 863. The Seventh Circuit has not directly addressed the meaning of "same transaction or occurrence" in Rule 20, *see State Farm Fire & Cas. Co. v. Electrolux Home Prods.*, No. 11 CV 8946, 2012 WL 1287698, at *6 (N.D. Ill. Apr. 16, 2012); nevertheless, courts within the Seventh Circuit have made clear that, at the very least, otherwise unrelated defendants must have some level of relevant coordination or shared activity related to the alleged tortious conduct to be justly joined in a single federal lawsuit. *Compare SB Designs v. Reebok Int'l, Ltd.,* 305 F.Supp.2d 888, 892 (N.D. Ill. 2004*) with Stanley Works v. Haeger Potteries, Inc.,* 35 F.R.D. 551 (N.D. Ill. 1964); *see also In re BitTorrent Copy. Infringement Cases*, 12-1188, 2013 WL 501443, at *1 (C.D. Ill. Feb. 11, 2013); *Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980 (N.D. Ill. 2012).

"The determining factors are that the claims arise out of closely related 'transactions' and that there is in the case a significant question of law or fact that is common to the parties." *Alegre v. Aguayo*, 06 C 5744, 2007 WL 141891, at *6 (N.D. Ill. Jan. 17, 2007). Therefore, even in cases involving law or facts common to all of the defendants (such as when all defendants allegedly

infringe on the same trademark during the same concentrated timespan from the same country), plaintiffs must still show that the claims against all of the joined defendants "arise out of closely related transactions." *Id.* Indeed, courts in the Seventh Circuit and other jurisdictions involving claims of infringement of a common trademark, copyright, or patent by otherwise unrelated defendants have consistently held that the infringement of common intellectual property in similar ways from similar parties from similar locations within the same timespan does satisfy the joinder requirements under Rule 20. *See SB Designs v. Reebok Int'l, Ltd.*,305 F.Supp.2d 888, 892 (N.D.Ill.2004); *see also In re BitTorrent Copy. Infringement Cases*, 12-1188, 2013 WL 501443, at *1 (C.D. Ill. Feb. 11, 2013); *Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980 (N.D. Ill. 2012); *Golden Scorpio Corp. v. Steel Horse Bar & Grill,* 596 F.Supp.2d 1282, 1285 (D.AZ.2009).

In this case, the Defendants are in no way connected to the other 1,742 other defendants listed in the lawsuit, nor were the Defendant involved in any "closely related" transactions with the other 1,742 listed defendants or otherwise coordinated any business activities with them. In short, the five Defendant stores are entirely unrelated to, independent from, and not in any way involved with the other defendants listed in Plaintiffs' massive and improper lawsuit.

Accordingly, because Plaintiffs have no legal basis to join the five Defendant stores in a case with over a thousand other entirely unrelated and independent defendants. Thus, the five Defendant stores are improperly before this Court and the Court should order Plaintiff to open a new cases against the five Defendant stores—if Plaintiff has jurisdiction and a plausible causes of action. *See id.*

## **CONCLUSION**

Because Plaintiff lacks personal jurisdiction or a plausible cause of action against the Defendants, the Court should dismiss with prejudice Plaintiff's Complaint against Defendants.

Respectfully submitted,

Dated: November 18, 2019   DEFENDANT NOS. 236, 238, 268, 278, and 470

By: /s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N. LaSalle Suite 350
Chicago, Illinois 60654
Bar No. 6314834
matt@saperlaw.com
(312) 527-4100

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 18, 2019, he caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Bar No. 6314834
Telephone: 312-527-4100
matt@saperlaw.com

*Attorney for Defendant Nos. 236, 238, 268, 278, and 470*