**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRUMPY CAT LIMITED, | ) | |
| | ) | Case No.: 19-cv-6676 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge: Steven C. Seeger |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED | ) | |
| ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |

**SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff's Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names and a Temporary Asset Restraint against Defendants No. 236 "6.berta2", No. 238 "abood.av", No. 269 "Buy-Fast-Shop", No. 278 "colombonach" and No. 470 "zero_sts" (collectively, the "Defendants"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating their commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of U.S. Trademark Registration Nos. 4,907,212, 5,516,378, 4,820,434,

1

4,417,549, 4,672,289, 5,073,528, 4,527,097, 4,930,286 and 4,907,213 for the GRUMPY CAT trademarks (referenced below).

https://www.grumpycats.com/shop



This Court also finds that issuing this Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Bryan B. Bundesen and the Declaration of Michael A. Hierl and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant. Specifically, in the absence of an Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any

assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using Plaintiff's GRUMPY CAT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not a genuine GRUMPY CAT products or not authorized by Plaintiff to be sold in connection with Plaintiff's GRUMPY CAT Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any products as a genuine GRUMPY CAT products or any other products produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's GRUMPY CAT Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's GRUMPY CAT Trademarks and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's GRUMPY CAT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit GRUMPY CAT products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's GRUMPY CAT Trademarks and including artwork and any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine GRUMPY CAT products or not authorized by Plaintiff to be sold in connection with Plaintiff's GRUMPY CAT Trademarks.

2.  The domain name registries for the Defendant Domain Names, including, but not Limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

    a.  unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

    b.  disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

3.     Those in privity with Defendants and with actual notice of this Order, including online marketplace eBay and PayPal, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.  disable and cease providing services for accounts 6.berta2, abood.zv, Buy-Fast-Shop, colombonach and zero_sts through which Defendants engage in the sale of counterfeit and infringing goods using the GRUMPY CAT Trademarks;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the GRUMPY CAT Trademarks; and

    c.  take all steps necessary to prevent links to the Defendants from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5.     Defendants and any persons in active concert or participation with them who have

actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.    PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for Defendants' Online Marketplace Accounts or websites 6.berta2, abood.av, Buy-Fast-Shop, colombonach and zero_sts:

a.  Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to and related to the accounts 6.berta2, abood.zv, Buy-Fast-Shop, colombonach and zero_sts; and

b.  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

This Temporary Restraining Order without notice is entered on November _____ at _____ A.M. on ____, 2019, and shall remain in effect for fourteen (14) days.

_____
U.S. District Court Judge