**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRUMPY CAT LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6676 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED | ) | |
| ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINAL JUDGMENT ORDER**

GRUMPY CAT LIMITED filed this action against the Defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"). Plaintiff moved for entry of default and default judgment against the Defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants"). *See* Dckt. No. 185. After filing for a default judgment, Plaintiff submitted a notice of voluntary dismissal five times (Dckt. Nos. 190, 191, 193, 194, 195) without updating its proposed First Amended Schedule A, but the Court removed those Defendants from the First Amended Schedule A.

The Court notes that Plaintiff properly completed service of process on Defaulting Defendants by providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors. They provided notice reasonably calculated under all circumstances to apprise Defaulting Defendants

of the pendency of the action and afford them the opportunity to answer and present their objections.

None of the Defaulting Defendants have answered the Complaint or appeared in any way, and the time for answering the Complaint has expired. The Court thus makes the following findings and awards the following relief.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as stated in this Order, that Defaulting Defendants are in default, and that this Final Judgment is entered against Defaulting Defendants.

The Court finds (at least without an adversarial presentation) that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of GRUMPY CAT LIMITED trademarks which are protected by U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286 and 4,907,213 (the "GRUMPY CAT marks").

The Court also finds that Defaulting Defendants are liable for federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

Under 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one thousand dollars ($1,000) for use of counterfeit GRUMPY CAT Trademarks on products sold through the Defendant Internet Stores. Plaintiff made no showing of actual damages, and professes a "lack of information" about the Defaulting

2

Defendants' "sales and profits." *See* Dckt. No. 186, at 11. Based on the record, there is no reason to believe that the harm is more than de minimis, so the Court awards the lowest amount of statutory damages ($1,000), not $100,000 from each Defaulting Defendant as requested by Plaintiff.

Apart from a permanent injunction, the Court declines to grant the other extraordinary relief requested by Plaintiff in its proposed default judgment order. Plaintiff's draft order would impose significant, immediate obligations on third parties. Based on the record, the requested relief is excessive. Plaintiff also has not made an adequate showing to justify other extraordinary relief, such as transferring domain names, blocking money transfers, and forcing third parties to stop doing business with the Defaulting Defendants. In fact, Plaintiff does not address that extraordinary relief in the argument section of its supporting memorandum at all. *See* Dckt. No. 186.

In its supporting memorandum, Plaintiff addressed and defended its request for damages and injunctive relief, so that is what the Court will award. As required by the Seventh Circuit, the Court is entering a permanent injunction in a separate document. *See MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019).

Plaintiff can enforce this judgment as provided in the Federal Rules of Civil Procedure. Plaintiff can file a motion for appropriate relief for any funds frozen by this Court's prior Orders that any third parties may continue to hold.

Date: August 12, 2020

_____

Steven C. Seeger
United States District Judge

3