UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRUMPY CAT LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6676 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED | ) | |
| ON SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER FOR PERMANENT INJUNCTION**

This Court granted Plaintiff's Motion for Entry of Default and Default Judgment (Dckt. No. 185) in part. The Court enters this Order for Permanent Injunction under Rule 65 in light of the finding in the Final Judgment Order that the Defaulting Defendants are liable for federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or with them are permanently enjoined and restrained from:

   a. using the GRUMPY CAT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that are not genuine

GRUMPY CAT products or not authorized by Plaintiff to be sold in connection with the GRUMPY CAT Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as genuine GRUMPY CAT products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the GRUMPY CAT Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the GRUMPY CAT Trademarks and damaging Plaintiff's goodwill; and

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the GRUMPY CAT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof.

Date:  August 12, 2020

Steven C. Seeger
United States District Judge